IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL COLEMAN, | |
| Petitioner, | 8:23CV454 |
| vs. | |
| ROB JEFFREYS, Director; | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Michael Coleman's ("Petitioner") motion for production of documents (the "Motion for Production"), Filing No. 5, a motion for an evidentiary hearing to support his claims (the "Motion for Hearing"), Filing No. 6, and a motion titled a "Motion to Show Cause Why Habeas Corpus Should Not Be Granted" (the "Motion for a Ruling"), Filing No. 7, which this Court construes as a motion seeking the granting of his Motion for Hearing and a ruling on Petitioner's Petition for Writ of Habeas Corpus (the "Petition"), Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The matter is also before this Court to perform a preliminary review of the Petition.

For the reasons that follow the Motion for Production, Filing No. 5, the Motion for Hearing, Filing No. 6, and the Motion for a Ruling, Filing No. 7, all shall be denied as premature. On preliminary review, the Court finds the Petition shall be allowed to proceed and the case shall progress. The parties shall comply with the progression order schedule as provided in this Memorandum and Order.

## I.  THE PENDING MOTIONS

In his Motions, Petitioner appears to seek documents and hearings to support his claims and a ruling on the efficacy, if not the outcome, of his Petition.  Filing Nos. 5, 6 and 7.  Such requests are not appropriate at this time as this case is in its infancy.

In the Motion for Production, Petitioner seeks documents containing statements made by various individuals to prove his actual innocence.  Filing No. 5 at 1.  However, because Respondent has not yet been ordered to file the state court record, there is, as of now, no indication of whether Respondent shall produce the documents requested by Petitioner.  In the Motion for Hearing, Petitioner seeks an evidentiary hearing addressing several of his claims.  Filing No. 6 at 1.  However, Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* requires a court to review a respondent's answer (amongst other materials) prior to determining if an evidentiary hearing is warranted.  As Respondent has yet to file an answer or otherwise respond to the Petition, because this Court has yet to progress the case to that point, this Court also cannot consider Petitioner's request for hearing.  Finally, to the extent Petitioner seeks a ruling on his Petition, until the Respondent has responded to the Petition and Petitioner has had an opportunity to respond, such a request is also premature as the parties' arguments are not fully before this Court.

As such, the Motion for Production, Motion for Hearing, and Motion for a Ruling, Filing Nos. 5, 6 and 7, are denied as premature.

## II.  PRELIMINARY REVIEW

The Court now conducts its preliminary review of Petitioner's Petition, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether

Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner was denied his right to due process in violation of the Fourteenth Amendment though the state district and appellate courts' denial of his postconviction motion to expand the record without an evidentiary hearing.

Claim Two: Petitioner was denied his rights to effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments due to appellate counsel's failure to properly raise ineffective assistance of trial counsel claims in Petitioner's direct appeal, resulting in the merits of Petitioner's ineffective assistance of trial counsel claims not being addressed by the state courts in his direct appeal and barred from consideration in postconviction.

Claim Three: Petitioner was denied his rights to due process by the Nebraska Court of Appeals for failing to address Petitioner's ineffective assistance of trial counsel claim relating to failure to call an expert witness.

Claim Four: Petitioner is actually innocent of the crimes of which he was convicted.[1]

---

[1] While Petitioner frames his "actual innocence" allegations as an independent claim, Filing No. 1 at 10, "[t]he actual innocence showing excuses a procedural bar. It [likely] does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.")

3

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court.  However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **November 4, 2024**, Respondent must file a motion for summary judgment or state court records in support of an answer.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **November 4, 2024**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

---

(citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).  However, as Petitioner has raised actual innocence as a claim it is listed as a numbered claim here.

4

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed

no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

   A. By **November 4, 2024**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 3, 2024**: check for Respondent's answer and separate brief.

5.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7

6.  Petitioner's Motion for Production, Filing No. 5, Motion for Hearing, Filing No. 6, and Motion for a Ruling, Filing No. 7, are denied without prejudice as premature.

Dated this 19th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court