IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL COLEMAN,<br><br>            Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director;<br><br>            Respondent. | 8:23CV454<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court is a Motion to Amend Petition, Filing No. 14, filed by Petitioner Michael Coleman, by and through counsel. Also before the Court is the Respondent's Motion for Extension of Time to File a Responsive Pleading. Filing No. 15. For the reasons set forth below, the Motions shall be granted.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11"). Amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Moreover, an amended petition relates back to the date of the original petition when the claims in the original and amended petition arose out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle*, 545 U.S. at 656, "such that they arise from the same core of operative facts." *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (quoting *Mayle*, 545 U.S. at 650).

    Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate

only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, (1962); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).

Here, Petitioner seeks to amend his Petition as a matter of course. Filing No. 14 at 2. However, counsel for Petitioner only recently entered his appearance and states he will need additional time to obtain Petitioner's criminal, appellate, and post-conviction files, discuss the case with Petitioner, and draft an amended petition. For the reasons set forth by Petitioner, and as no responsive pleading has been filed by Respondent and as this is Petitioner's first request to amend his Petition, the Court will grant Petitioner's motion and will permit Petitioner to amend his Petition once, as a matter of course, within 60 days of the date of this Memorandum and Order.

Because the Court grants Petitioner's Motion and will extend the time in which Petitioner can amend the Petition as a matter of course, Respondent's Motion to Extend is moot. The Court will suspend the deadlines set forth in the current Progression Order, Filing No. 10, and will issue a new progression order after the Petitioner files an amended petition.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Amend, Filing No. 14, is granted. Petitioner has through and until **January 27, 2025**, to file his Amended Petition.

2. Respondent's Motion for Extension of Time to File a Responsive Pleading, Filing No. 15, is denied as moot.

3. The current progression order and the dates and deadlines set forth therein, Filing No. 10, are hereby suspended. The Court will issue an amended progression order after Petitioner's Amended Petition is filed. The Clerk of the Court is directed to terminate the following pro se management deadlines: **November 4, 2024**: deadline for Respondent to file state court records in support of answer or motion for summary judgment, and **December 3, 2024**: check for Respondent's answer and separate brief.

4. The Clerk of Court is further directed set a pro se case management deadline in this case using the following text: **January 27, 2025**: check for Amended Petition.

Dated this 26th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge